303 Ga. 715
FINAL COPY

S18A0132.  GORDON v. CALDWELL.

GRANT, Justice.

We granted a certificate of probable cause in this habeas corpus action to determine if the habeas court erred in ruling that certain claims alleged in Andre Gordon's petition for habeas corpus were foreclosed from habeas review.  Because we conclude that some of those claims are not foreclosed, we vacate the judgment in part and remand to the habeas court to consider them.

In 2008, a jury found Gordon guilty of child molestation, aggravated sexual battery, rape, and incest in connection with crimes he committed in June and July of 2000.  Although the State had originally indicted Gordon in December 2006 only for child molestation—within the seven-year statute of limitations for that crime, OCGA § 17-3-1 (c)—the State nolle prossed that indictment in October 2007 and re-indicted Gordon the following day, adding counts of aggravated sexual battery, rape, and incest.  All of the new counts still concerned the June and July 2000 criminal activity against the same

victim. The aggravated sexual battery and incest counts were subject to a seven-year statute of limitations, and a fifteen-year statute of limitations applied to the rape count. OCGA § 17-3-1 (b) and (c).

On direct appeal, Gordon argued that the statute of limitations had run on the aggravated sexual battery count and that trial counsel was ineffective for failing to challenge the indictment on that ground.[1] The Court of Appeals found that the substantive statute of limitations issue was procedurally barred because trial counsel had not moved to demur, quash, or dismiss that count at trial. *Gordon v. State*, 327 Ga. App. 774, 777-778 (761 SE2d 169) (2014). The Court of Appeals also refused to reach the merits of the related ineffective assistance claim because Gordon's appellate filings contained no supporting record citations. Id. at 781.

Another claim by Gordon on direct appeal was that the evidence was insufficient to sustain his rape conviction, but he limited his argument to the contention that the "carnal knowledge" element was not proven. In fact, the Court of Appeals specifically noted that "Gordon does not dispute that the State proved force," and went on to consider *only* the "carnal knowledge" element,

---

[1] Gordon and the State disagree regarding whether the saving provision for re-indictments after nolle prosequi, OCGA § 17-3-3, rendered the aggravated sexual battery charge timely.

for which it found sufficient evidentiary support. Id. at 776. The Court of Appeals did reverse the incest conviction because Gordon and the victim were not sufficiently co-sanguineous, but affirmed the remaining convictions.

The habeas petition underlying this appeal included, among other things, the following three claims of ineffective assistance of appellate counsel.[2] Claims Two and Six center on Gordon's contention that the statute of limitations had run on the aggravated sexual battery count. Gordon argued that appellate counsel was ineffective, in Claim Six for not raising trial counsel's failure to challenge the indictment, or, somewhat in the alternative, in Claim Two for failing to support that argument on appeal with citations. In Claim Four, Gordon argued that appellate counsel was ineffective for failing to argue that trial counsel was ineffective for not challenging the sufficiency of the evidence of force as an element of rape.

The habeas court found that these claims were foreclosed from review on habeas. The court reasoned that appellate counsel could not be ineffective as alleged in Claim Two (failure to support the statute of limitations issue with

_____

[2] The other habeas claims alleged ineffective assistance of appellate counsel for not raising trial counsel's failure to file a speedy trial demand, argue that recidivist sentencing was inappropriate, challenge a jury charge, request a jury charge, and argue sufficiency of the evidence supporting the child molestation conviction. The habeas court's denial of those claims is affirmed.

citations) because he *did* raise trial counsel's ineffectiveness for not challenging the indictment on statute of limitations grounds, but "the Appellate Court simply did not see it as the same issue," and had thus ruled that the statute of limitations issue was procedurally barred. The habeas court also concluded that the arguments providing the bases for Claim Six (failure to raise ineffective assistance of trial counsel related to the statute of limitations issue)[3] and Claim Four (failure to raise sufficiency of the evidence of force) had both been raised and decided adversely to Gordon on direct appeal.

We granted Gordon's timely application for a certificate of probable cause to appeal, requesting that the parties address two issues: (1) whether the habeas court erred in finding that the statute of limitations issue addressed in Claims Two and Six of the underlying petition was foreclosed from review in habeas; and (2) whether the habeas court erred in finding that the claim of ineffective assistance of trial counsel underlying the claim of ineffective assistance of appellate counsel presented in Claim Four of the underlying petition had been resolved adversely to petitioner in his direct appeal. Having

---

[3] The habeas court articulated this challenge as a "challenge to the sufficiency of aggravated sexual battery," but a review of Gordon's habeas petition makes clear that he challenged the sufficiency of the indictment, rather than of the evidence.

read and considered the record and the parties' arguments, we answer both questions in the affirmative.

To begin, the Court of Appeals did not consider the merits of the substantive statute of limitations argument, finding instead that the issue was procedurally barred because counsel had not objected at trial. 327 Ga. App. at 777-778. That omission could ordinarily lead to an ineffective assistance of trial counsel claim. See *Bighams v. State*, 296 Ga. 267, 270 (765 SE2d 917) (2014). But it is of course up to appellate counsel to properly raise that claim. See id.

With that background, the habeas court's explanation on Claims Two and Six cannot be supported. For Claim Two, it appears that the habeas court found that the procedural infirmity of the substantive statute of limitations issue also barred an ineffective assistance of trial counsel claim, but that is incorrect; the procedural bar was exactly the reason that an ineffective assistance claim may have had merit. See *Cobb v. State*, 283 Ga. 388, 390-392 (658 SE2d 750) (2008) (trial counsel's failure to raise objection at trial was ineffective). The problem with the habeas court's failure to look at the issue now is that Gordon's appellate counsel *did* raise this claim (as the habeas court's own opinion appears to recognize), but failed to support it with citations

and thus abandoned it. 327 Ga. App. at 781. Gordon is entitled to have this claim of ineffectiveness of appellate counsel reviewed in habeas.

This discussion also demonstrates that the habeas court's ruling that Claim Six's argument—that appellate counsel failed to assert ineffective assistance of trial counsel on the statute of limitations issue—was raised and decided adversely to Gordon on direct appeal is flatly incorrect. Instead, the Court of Appeals specifically declined to consider the ineffective assistance of trial counsel issue. That ordinarily leaves the habeas court to do so in the first instance through the lens of ineffective assistance of appellate counsel, although in this case we can see from the face of the Court of Appeals opinion that the question was indeed raised by appellate counsel and so affirm the habeas court's rejection of Claim Six on this different ground.

The habeas court was also incorrect on Claim Four, relating to sufficiency of the evidence for force as an element of rape. For that claim, the court again found that the question was decided adversely to Gordon on direct appeal and therefore foreclosed from habeas review. But Gordon did not raise that challenge on appeal; instead he challenged the sufficiency of the evidence only as to the "carnal knowledge" element. As the Court of Appeals itself explained, "Gordon does not dispute that the State proved force and lack of

consent." *Gordon*, 327 Ga. App. at 776. The Court of Appeals opinion went on to consider only the evidence of carnal knowledge, and its only holding on sufficiency was that "a rational jury could find that the evidence was sufficient to show that Gordon penetrated T. S.'s vagina with his penis." Id. Given that language, we cannot conclude that the Court of Appeals also considered and decided the sufficiency of the evidence to prove the force element. Id.[4]

Accordingly, those portions of the habeas court's order finding that Claims Two and Four are foreclosed from habeas review are hereby vacated and the case remanded for the habeas court to reconsider those claims.[5] The habeas court's rulings on the other claims are affirmed.

Judgment affirmed in part and vacated in part, and case remanded with direction.

---

[4] We note, of course, that an unqualified conclusion that the evidence was sufficient to sustain a conviction generally incorporates a finding of sufficiency as to every element of the crime.

[5] We express no opinion about the merits of the remanded claims, but only decide that because the habeas court erroneously found them to be foreclosed, those claims must be properly addressed by the habeas court in the first instance. See *Kennedy v. Kohnle*, 303 Ga. 95 (810 SE2d 543) (2018).

Decided May 21, 2018.

Habeas corpus. Wilcox Superior Court. Before Judge Chasteen.

Andre Gordon, <u>pro se</u>.

<u>Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Elizabeth H. Brock, Assistant Attorney General</u>, for appellee.